## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>BLOOMBERG L.P.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>　　　　　Defendants | Civil Action No. 1:25-cv-02848-APM |

## ANSWER

Defendants, the U.S. Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") or ("Defendants"), by and through the undersigned counsel, respectfully submit this Answer to Plaintiffs' Complaint ("Complaint"), ECF No. 1, filed on August 25, 2025, in this Freedom of Information Act ("FOIA") case as follows.

## COMPLAINT[1]

1.  This paragraph consists of Plaintiff's characterization of this action, conclusions of law, and requests for relief, to which no response is required.

## PARTIES

2.  The Defendants lack a factual basis to affirm or deny Plaintiffs' allegations about

---

[1] Merely for ease of reference, the Defendants' Answer replicates the headings contained in the Complaint. Although the Defendants believe no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Jason Leopold's professional background, but admit he is a FOIA requester in this case.

3. The Defendants lack a factual basis to affirm or deny Plaintiffs' allegations about Bloomberg L.P.'s professional affiliations, but admit it is a FOIA requester in this case.

4. Admitted.

5. Denied except to admit that the FBI is a component of the DOJ, which is an agency of the U.S. Government, and that the FBI is subject to FOIA.

## JURISDICTION AND VENUE

6. This paragraph contains Plaintiffs' allegations of law as to the jurisdictional basis for this action, which does not require a response.

7. This paragraph contains Plaintiffs' allegations of law as to venue, which does not require a response.

## MARCH 21, 2025 FOIA REQUEST TO FBI

8. Defendants refer the Court to Plaintiffs' FOIA request of March 21, 2025, for a complete and accurate statement of the contents of that request.

9. The FBI admits that Plaintiffs attached a FOIA request to their Complaint. The FBI respectfully refers this Court to that request and denies all allegations inconsistent therewith.

10. The FBI admits it sent a letter to Plaintiffs, dated April 9, 2025, acknowledging Plaintiff's request and assigning Freedom of Information / Privacy Act ("FOIPA") request number 1664219-000. The FBI respectfully refers this Court to that

correspondence for a full and complete statement of its contents.

11. The FBI admits that Plaintiffs attached an April 9 letter from the FBI to Mr. Leopold to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

12. The FBI admits it stated, in a letter dated April 9, 2025, that "unusual circumstances" applied to Plaintiffs' request. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

13. The FBI admits that Plaintiffs attached a correspondence letter to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

14. The FBI admits it denied Plaintiffs' request for expedited processing. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

15. The FBI admits that Plaintiffs attached a correspondence letter to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

16. The FBI admits that Plaintiffs sent a message to the FBI discussing their initial intention to narrow their request to under 50 pages, and that Plaintiffs abandoned that interest. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

17. The FBI admits that Plaintiffs attached correspondence to their Complaint. The FBI respectfully refers this Court to that correspondence for a full and complete

statement of its contents.

18. The FBI admits it responded to Plaintiffs' message. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

19. Admitted.

20. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

21. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

### MARCH 24, 2025 FOIA REQUEST TO FBI

22. Defendants refer the Court to Plaintiffs' FOIA request  of March 24, 2025, for a complete and accurate statement of the contents of that request.

23. The FBI admits that Plaintiffs attached a FOIA request to their Complaint. The FBI respectfully refers this Court to that request and denies all allegations inconsistent therewith.

24. The FBI admits it sent a letter to Plaintiffs, dated April 2, 2025, acknowledging Plaintiff's request and assigning FOIPA request number 1664215-000. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

25. The FBI admits that Plaintiffs attached a letter dated April 2, 2025, to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

26. The FBI admits it stated, in a letter dated April 2, 2025, that "unusual

4

circumstances" applied to Plaintiffs' request. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

27. The FBI admits that Plaintiffs attached a correspondence letter dated April 2, 2025 to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

28. The FBI admits it denied Plaintiffs' request for expedited processing. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

29. The FBI admits that Plaintiffs attached a correspondence letter dated April 10, 2025 to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

30. The FBI admits that Plaintiffs sent a message to the FBI seeking an estimated date of completion on August 21, 2025. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

31. The FBI admits that Plaintiffs attached correspondence to their Complaint. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

32. The FBI admits it responded to Plaintiffs' message. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

33. Admitted.

34. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

35. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## MARCH 26, 2025 FOIA REQUEST TO FBI

36. Defendants refer the Court to Plaintiffs' FOIA request of March 26, 2025, for a complete and accurate statement of the contents of that request.

37. The FBI admits that Plaintiffs attached a FOIA request to their Complaint. The FBI respectfully refers this Court to that request and denies all allegations inconsistent therewith.

38. The FBI admits it sent a letter to Plaintiffs, dated April 2, 2025, acknowledging Plaintiff's request and assigning FOIPA request number 1664217-000. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

39. The FBI admits that Plaintiffs attached a letter dated April 2, 2025 to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

40. The FBI admits it stated, in a letter dated April 2, 2025, that "unusual circumstances" applied to Plaintiffs' request. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

41. The FBI admits that Plaintiffs attached a correspondence letter to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

42. The FBI admits it denied Plaintiffs' request for expedited processing. The FBI

respectfully refers this Court to that letter for a full and complete statement of its contents.

43. The FBI admits that Plaintiffs attached a correspondence letter dated April 10, 2025 to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

44. The FBI admits that Plaintiffs sent a message to the FBI seeking an estimated date of completion. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

45. The FBI admits that Plaintiffs attached correspondence to their Complaint. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

46. The FBI admits it responded to Plaintiffs' message. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

47. Admitted.

48. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

49. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## JULY 8, 2025 FOIA REQUEST TO DOJ

50. Defendants refer the Court to Plaintiffs' FOIA request of July 8, 2025, for a complete and accurate statement of the contents of that request.

51. Defendants admit that Plaintiffs attached a FOIA request to their Complaint.

Defendants respectfully refer this Court to that request and deny all allegations inconsistent therewith.

52. The Department's Office of Information Policy (OIP) admits it sent a letter to Plaintiffs, dated August 5, 2025, acknowledging Plaintiff's request and assigning reference number FOIA-2025-05804. OIP respectfully refers this Court to that correspondence for a full and complete statement of its contents.

53. OIP admits that Plaintiffs attached a response letter dated August 5, 2025 to their Complaint. OIP respectfully refers this Court to that letter for a full and complete statement of its contents.

54. OIP admits that Plaintiffs sent a message to OIP seeking an estimated date of completion. OIP respectfully refers this Court to that correspondence for a full and complete statement of its contents.

55. OIP admits that Plaintiffs attached correspondence to their Complaint. OIP respectfully refers this Court to that correspondence for a full and complete statement of its contents.

56. Denied.

57. Denied except to admit that OIP has not made a final determination with respect to Plaintiffs' FOIA request.

58. Denied except to admit that OIP has not made a final determination with respect to Plaintiffs' FOIA request.

**JULY 21, 2025 FOIA REQUEST TO FBI**

59. Defendants refer the Court to Plaintiffs' FOIA request of July 21, 2025, for a

complete and accurate statement of the contents of that request.

60. The FBI admits that Plaintiffs attached a FOIA request to their Complaint. The FBI respectfully refers this Court to that request and denies all allegations inconsistent therewith.

61. The FBI admits it sent a letter to Plaintiffs, dated April 11, 2025, acknowledging Plaintiffs' request and assigning FOIPA request number 1675665-000. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

62. The FBI admits that Plaintiffs attached a letter dated April 11, 2025 to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

63. The FBI admits that Plaintiffs sent a message to the FBI seeking an estimated date of completion. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

64. The FBI admits that Plaintiffs attached correspondence to their Complaint. The FBI respectfully refers this Court to that letter for a full and complete statement of its contents.

65. The FBI admits it responded to Plaintiffs' message. The FBI respectfully refers this Court to that correspondence for a full and complete statement of its contents.

66. Admitted.

67. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

68. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

69. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## COUNT I

70. The Defendants' responses to the allegations of paragraphs 1-69 are incorporated by reference.

71. This paragraph contains Plaintiffs' legal allegation as to whether Plaintiffs' FOIA request was proper. Accordingly, a response is not required.

72. Defendants admit that the FBI is a component of the DOJ, which is an agency of the U.S. Government , and that the FBI is subject to FOIA.

73. This paragraph contains Plaintiffs' legal allegation as to whether certain unspecified items are "records" that are not exempt from disclosure under the FOIA. Accordingly, a response is not required.

74. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's search for records. Accordingly, a response is not required.

75. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's response to Plaintiffs' request for records. Accordingly, a response is not required.

76. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## COUNT II

77. The Defendants' responses to the allegations of paragraphs 1-69 are incorporated

by reference.

78.    This paragraph contains Plaintiffs' legal allegation as to whether Plaintiffs' FOIA request was proper. Accordingly, a response is not required.

79.    Defendants admit that the FBI is a component of the DOJ, which is an agency of the U.S. Government , and that the FBI is subject to FOIA

80. This paragraph contains Plaintiffs' legal allegation as to whether certain unspecified items are "records" that are not exempt from disclosure under the FOIA. Accordingly, a response is not required.

81. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's search for records. Accordingly, a response is not required.

82. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's response to Plaintiffs' request for records. Accordingly, a response is not required.

83. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## COUNT III

84. The Defendants' responses to the allegations of paragraphs 1-69 are incorporated by reference.

85. This paragraph contains Plaintiffs' legal allegation as to whether Plaintiffs' FOIA request was proper. Accordingly, a response is not required.

86. Defendants admit that the FBI is a component of the DOJ, which is an agency of the U.S. Government , and that the FBI is subject to FOIA.

87. This paragraph contains Plaintiffs' legal allegation as to whether certain

unspecified items are "records" that are not exempt from disclosure under the FOIA. Accordingly, a response is not required.

88. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's search for records. Accordingly, a response is not required.

89. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's response to Plaintiffs' request for records. Accordingly, a response is not required.

90. Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

## COUNT IV

91. The Defendants' responses to the allegations of paragraphs 1-69 are incorporated by reference.

92. This paragraph contains Plaintiffs' legal allegation as to whether Plaintiffs' FOIA request was proper. Accordingly, a response is not required.

93. Admitted.

94. This paragraph contains Plaintiffs' legal allegation as to whether certain unspecified items are "records" that are not exempt from disclosure under the FOIA. Accordingly, a response is not required.

95. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's search for records. Accordingly, a response is not required.

96. This paragraph contains Plaintiffs' legal allegation as to the sufficiency of OIP's response to Plaintiffs' request for records. Accordingly, a response is not required.

97.    Denied except to admit that OIP has not made a final determination with respect to Plaintiffs' FOIA request.

## COUNT V

98. The Defendants' responses to the allegations of paragraphs 1-69 are incorporated by reference.

99. This paragraph contains Plaintiffs' legal allegation as to whether Plaintiffs' FOIA request was proper. Accordingly, a response is not required.

100.    The FBI is a component of the DOJ, which is an agency of the U.S. Government. The FBI admits it is subject to terms and limitations of FOIA. Defendants admit that the FBI is a component of the DOJ, which is an agency of the U.S. Government , and that the FBI is subject to FOIA.

101.    This paragraph contains Plaintiffs' legal allegation as to whether certain unspecified items are "records" that are not exempt from disclosure under the FOIA. Accordingly, a response is not required.

102.    This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's search for records. Accordingly, a response is not required.

103.    This paragraph contains Plaintiffs' legal allegation as to the sufficiency of the FBI's response to Plaintiffs' request for records. Accordingly, a response is not required.

104.    Denied except to admit that the FBI has not made a final determination with respect to Plaintiffs' FOIA request.

**Requested Relief**

The remainder of Plaintiffs' Complaint consists of Plaintiffs' Prayer of Relief to which no response is required. To the extent a response is required, the Defendants deny that Plaintiffs are entitled to any of the relief prayed for in the Complaint, or to any relief whatsoever.

\*\*\*

Defendants expressly deny each and every allegation in the Complaint not specifically admitted or otherwise qualified herein. Defendants reserve their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants through the course of the litigation. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

**DEFENSES**

In further response to the Complaint, the Defendants raise the following defenses. The Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiffs are not entitled to the production of records exempt from disclosure by one or more exemptions of FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

\*\*\*

Dated: September 24, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ELIZABETH SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/Michael J. Gerardi*
Michael J. Gerardi
Senior Trial Counsel (DC Bar No. 1017949)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: Michael.J.Gerardi@usdoj.gov

*Attorneys for Defendant*