UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, BLOOMBERG L.P., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants | Civil Action No. 1:25-cv-02848 |

**MOTION FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION FOR STAY**

Defendants hereby move for clarification of the Court's order dated October 14, 2025, ECF No. 14, instructing Defendants to file a *Vaughn* index with a supporting dispositive motion within 30 days. This District's Standing Order 25-55 on its face appears to stay this matter entirely until funding to the government is restored. If this Court intended its order to supersede the Standing Order, Defendants move for a stay of that deadline for the length of the lapse in appropriations.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including Defendants in this matter. The Department does not know when such funding will be restored by Congress. Undersigned is furloughed pursuant to the lapse in appropriations and expects to be furloughed for the duration of the lapse. Undersigned has been excepted for the limited purpose of filing this motion.

2. Due to the lapse in appropriations, Chief Judge Boasberg issued Standing Order 25-55, which finds that the lapse in appropriations constitutes "good cause under Federal Rule of Civil Procedure 6 for extending deadlines and staying matters in which the United States, its agencies,

and its officers and employees are involved." Standing Order 25-55 (JEB) (Oct. 1, 2025). Accordingly, the Standing Order stayed "all filing and discovery deadlines imposed upon the United States, any of its federal agencies . . . by the number of days equal to the length (in days) of the lapse in appropriations plus ten days." *Id.* ¶ 1. Parties may seek relief from the stay by serving the Civil Division of the United States Attorney's Office with supporting papers and the stay shall not apply to deadlines related to temporary restraining orders or preliminary injunctions. *Id.* ¶¶ 2-3.

       3.     On October 14, 2025, this Court ordered Defendants to produce a *Vaughn* index and supporting dispositive motion within 30 days.

       4.     Defendants seek to clarify whether the deadline set by the Court is stayed pursuant to Standing Order 25-55. Because Plaintiffs have not moved for relief pursuant to paragraph two of Standing Order 25-55, and the filing deadline does not relate to a temporary restraining order or preliminary injunction as set forth in paragraph three, Defendants understand Standing Order 25-55's stay to apply.

       5.     Plaintiffs' position is that the Court's order intentionally set a deadline not stayed by Standing Order 25-55. However, Plaintiffs do not oppose clarification if the Court's order did not derogate the Standing Order. Specifically, Plaintiffs state that they "think []Judge Lamberth's order is intended to derogate the general order, and we do not consent to asking the Judge to reconsider right after making that decision, but if our understanding of Judge Lamberth's order is incorrect, then we do not oppose."

       6.     In the alternative, Defendants move for a stay of the deadline, for the duration of the lapse in appropriations, for the reasons listed in Standing Order 25-55. Absent an appropriation, Department of Justice attorneys and employees of Defendants are prohibited from

working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Due to the lapse in appropriations, Defendants do not have staff necessary to complete the search for records, apply appropriate exemptions, produce the records sought by Plaintiffs, draft a *Vaughn* index, and file a supporting dispositive motion.[1] Therefore, Defendants respectfully request a stay for the length of the lapse in accordance with the formula in Standing Order 25-55.

For these reasons, Defendants respectfully request clarification of the Court's Order issued on October 14, or alternatively, a stay for the length of the lapse in appropriations. A proposed order is attached.

Date: October 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jason K. Altabet*
JASON K ALTABET
Trial Attorney (Md. Bar No. 2211280012)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Counsel for Defendants*

---

[1] Because Defendants have not yet completed their search for records, Defendants also intend, once funding is restored, to move to convert the present deadline to one for a Joint Status Report by the Parties reporting on ongoing searches for and production of records.