UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, BLOOMBERG L.P., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants | Civil Action No. 1:25-cv-02848 |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h)(1), Defendants United States Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") (collectively, "Defendants") hereby respectfully submits the following statement of material facts as to which there is no genuine dispute.

I. **Plaintiffs' Requests for Records**

1. This case involves five separate requests for records, which Plaintiffs characterize as being related to the Jeffrey Epstein investigation. Compl. ¶ 1.

2. FBI 1664219-000 (the "219 Request") is a six sub-part requests for records regarding instructions to FBI "RIDS personnel and personnel/agents from the FBI's New York and Washington Field to meet at FBI RIDS' offices in Virginia to process files/records of deceased billionaire Jeffrey Epstein," from March 21 to the present. Compl. ¶ 8.

3. FBI 1664215-000 (the "215 Request") requests "processing guidelines, guidance or slide decks provided to FBI employees who are tasked with reviewing and processing Jeffrey Epstein files for public release." Compl. ¶ 22.

4. FBI 1664217-000 (the "217 Request") requests "[a] copy of the "comprehensive report" based on the investigation FBI Director Kash Patel was directed to conduct by Attorney General Pam Bondi on February 27 and "proposed personnel actions" related to what Attorney General Bondi said was the FBI's failure to turn over to her the complete set of documents on deceased banker and convicted sex offender Jeffrey Epstein." Compl. ¶ 36.

5. OIP FOIA-2025-05804 (the "804 Request") requests "[f]inal talking points relating to the Justice Department's final decision on July 7 to refrain from releasing additional records related to the Jeffrey Epstein investigation, his 'client list' and his suicide in a New York jail as well as the release of the raw and enhanced video footage of the common area of the Special Housing Unit (SHU) where Epstein was housed at the time of his death."

6. FBI 1675665-000 (the "665 Request") is a three sub-part request. The requests are:
   - All communications to/from the FBI's NY Field Office senior executives from FBIHQ and/or the Department of Justice containing instruction, direction, or discussion about the conduct of research they were asked/directed to conduct related to Jeffrey Epstein files.
   - Any communications between NYFO personnel relating to the guidance/direction they received from DOJ and FBIHQ about the searches of Jeffrey Epstein material.
   - Any and all documents related to overtime hours worked by RIDS FOIA units from January 20, 2025 through the present.

   Compl. ¶ 59.

7. Four of these requests (the 215, 217, 219 and 665 Requests) were directed at the FBI. One of the requests (the 804 Request) was directed at DOJ's Office of the Attorney General, Office of Public Affairs, and Office of Information Policy ("OIP").

8. The Court directed Defendants to "file a *Vaughn* index with a supporting motion either ten days after the end of the lapse in appropriations *or* 30 days from the October 14, 2025 Order—whichever comes later." ECF No. 17.

9. FBI released responsive records to Plaintiffs, along with a *Vaughn* index, on November 24, 2025.

10. OIP sent a final response letter reflecting a single record withheld in full on November 24, 2025.

## II. Defendants' Search for Records

11. With respect to the 215 Request, FBI reasonably focused its search on the "62 File" created and maintained for the purpose of compiling records relevant to the subject matter of Plaintiffs' request. Decl. of Amie Marie Napier ("Napier Decl.") ¶ 25.

12. For Parts Three, Four, and Five of the 219 Request; Part Three of the 665 Request; and the 217 Request, FBI reached out to its Resource Planning Office to identify potentially responsive records. Napier Decl. ¶¶ 26-27.

13. For Parts One and Two of the 219 Request, and Parts One and Two of the 665 Request, FBI conducted custodial e-mail searches as described in the Napier Declaration for potentially responsive documents, reviewed the results of these searches, and processed those documents actually responsive to Plaintiffs' request. Napier Decl. ¶¶ 32-34.

14. For the 804 Request, OIP coordinated inquiries with the Office of the Attorney General and the Office of Public Affairs, and identified a one-page document responsive to Plaintiffs' request. Decl. of Vanessa Brinkmann ("Brinkmann Decl.") ¶¶ 9-14.

### III. Defendants' Use of FOIA Exemptions

15. Defendants have asserted that documents otherwise responsive to Plaintiffs' requests, as well as information found in responsive documents, are subject to withholding under one or more of FOIA's exemptions, as set forth in the attached declarations of Ms. Brinkmann and Ms. Napier.

16. The FBI has determined that information covered by Federal Rule of Criminal Procedure 6(e) is exempt from disclosure pursuant to Exemption 3, as some of the materials contain information concerning the identity of a person to whom a federal grand jury subpoena was issued. Napier Decl. ¶¶ 40-41

17. The FBI has determined that information covered by the Child Victims' and Child Witness' Rights Act is exempt from disclosure pursuant to Exemption 3, as some of the materials disclose information or documents about minors involved in criminal proceedings. Napier Decl. ¶42.

18. The FBI and OIP have determined that information subject to the deliberative process privilege is exempt from disclosure pursuant to Exemption 5.

19. The FBI properly withheld draft copies of FBI letters detailing the inquiry response to the Attorney General's February 27, 2025 letter to the Director of the FBI. Napier Decl. ¶¶ 46-49.

20. OIP properly withheld the responsive document it identified because it was created to prepare the Attorney General for potential interactions with the press, and does not embody the agency's final decision with respect to public messaging. Brinkmann Decl. ¶¶19-20.

21. The FBI has determined that attorney-client privileged communications in the responsive records should be withheld from disclosure pursuant to Exemption 5. Napier Decl. ¶¶ 50-51.

22. The FBI has determined that materials created by DOJ and/or FBI attorneys as part of a DOJ investigation into potential charges related to allegations of misconduct are subject to the attorney work product doctrine and exempt from disclosure pursuant to Exemption 5. Napier Decl. ¶¶ 52-54.

23. The FBI has determined that the records at issue in this case were compiled for law enforcement purposes and therefore eligible for treatment under Exemption 7 of the FOIA. Napier Decl. ¶ 55.

24. The FBI has determined that information that, if released, could reasonably be expected to interfere with likely enforcement proceedings regarding Mr. Epstein's accomplice, Ghislane Maxwell, is exempt from disclosure pursuant to Exemption 7(A). Napier Decl. ¶¶ 56-57.

25. The FBI and OIP have determined that the responsive records contain information that, if released, could constitute an unwarranted invasion of privacy and is exempt from disclosure pursuant to Exemption 6 and/or 7(C).

26. FBI withheld three distinct categories of information under Exemptions 6 and 7(C). *See* Napier Decl. ¶¶ 62-68.

27. Even though OIP's single responsive document is being withheld in full, OIP has claimed Exemption 6 over the name of an OAG employee in an administrative support role and the direct contact information of an OAG employee and an OPA employee.  Brinkmann Decl. ¶¶ 27-31

28. The FBI has determined that the information that, if released, could compromise protection of confidential sources is exempt from disclosure pursuant to Exemption 7(D).  Napier Decl. ¶¶ 69-74.

29. The FBI has determined that information that, if released, could provide non-public information about law enforcement methods and techniques is exempt from disclosure pursuant to Exemption 7(E).  Napier Decl. ¶¶ 75-90.

30. As set forth in their declarations, as to all categories of information, FBI and OIP have explained the foreseeable harm to the agencies' interest if disclosure is required with respect to Exemption 5, 6, and 7.  Napier Decl. ¶ 91; Brinkmann Decl. ¶ 21.

31. As explained in their declarations, Defendants have attempted to release segregable, non-exempt information where feasible.  Napier Decl. ¶ 93; Brinkmann Decl. ¶ 22.

[SIGNATURE BLOCK ON NEXT PAGE]

Date: November 24, 2025                    Respectfully submitted,

*/s/ Stanley E. Woodward Jr.*
STANLEY E. WOODWARD, JR.
(DC Bar No. 997320)
*Associate Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

ELIZABETH J. SHAPIRO
*Deputy Branch Director*
MICHAEL J. GERARDI
(DC Bar No. 1017949)
*Senior Trial Counsel*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Email: michael.j.gerardi@usdoj.gov
Phone: (202) 616-0680